167 A.3d 1290

IN THE MATTER OF ROBERT B. DAVIS, AN ATTORNEY
AT LAW (ATTORNEY NO. 001482005)

September 13, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–200, concluding that as matter of final discipline pursuant to *Rule* 1:20–13(c), **ROBERT B. DAVIS** of **JERSEY CITY**, who was admitted to the bar of this State in 2005, should be suspended from the practice of law for a period of three years, retroactive to February 27, 2012, based on respondent's convictions in federal and state court in New York of conspiracy to commit wire fraud, and bank fraud, in violation of 18 *U.S.C.* §§ 1349 and 3551, conduct that in New Jersey constitutes violation of *RPC* 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And **ROBERT B. DAVIS** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that respondent's conduct would normally warrant the three-year suspension recommended by the Disciplinary Review Board, but that in light of the extraordinary delay in initiating disciplinary proceedings in this matter, the Court will impose only a one-year suspension from practice, retroactive to February 27, 2012, the date respondent reported his convictions to the Office of Attorney Ethics;

It is ORDERED that **ROBERT B. DAVIS** is suspended from the practice of law for a period of one year, retroactive to February 27, 2012; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.